UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RONALD L. BASKETT,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>BRIAN M. AGAR,<br><br>　　　　　Defendant. | Case No.  C05-5743FDB<br><br>REPORT AND RECOMMENDATION<br><br>**NOTED FOR:**<br>**March 24th, 2006** |

　　　　This 42 U.S.C. § 1983 Civil Rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrates' Rules MJR 1, MJR 3, and MJR 4.  The court has reviewed Mr. Baskett's complaint and finds this action fails to state a claim.  Plaintiff seeks damages against a Washington State tort claims analyst for denial of his claim and the way he was treated.  There is no right to a tort claims process and denial of a claim is a prerequisite to the filing of a state tort action against the state or an employee of the state.  There is not a constitutional issue.  Accordingly, this action should be dismissed prior to service with the dismissal counting as a strike pursuant to 28 U.S.C. § 1915 (g).

FACTUAL BACKGROUND

　　　　This action deals with defendant Agar investigating a tort claim filed by plaintiff.  The claim dealt with

REPORT AND RECOMMENDATION
Page - 1

the Department of Corrections taking funds from plaintiff. (Dkt. # 9). Mr. Agar sent the tort claim to the accounting office at the prison where plaintiff was housed. Plaintiff takes exception to that action and seeks to portray the action as "double jeopardy" because the accounting office took the money in the first place.

### DISCUSSION

A complaint is frivolous when it has no arguable basis in law or fact. Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir. 1984). When a complaint is frivolous, fails to state a claim, or contains a complete defense to the action on its face, the court may dismiss an *in forma pauperis* complaint before service of process under 28 U.S.C. § 1915(d). Noll v. Carlson, 809 F.2d 1446, 575 (9th Cir. 1987) (*citing* Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir. 1984)).

Historically states and state employees enjoyed sovereign immunity from suit. The state of Washington has partially waived it's immunity and allows state court actions for tort damages against the state and its employees. This partial waiver does not extend to claims brought under 42 U.S.C.§ 1983. Edgar v. State of Washington, 92 Wn. 2d 217 (1979) cert. denied, 444 U.S. 1077 (1980).

The state set forth certain prerequisites to bringing a state tort action. RCW 4.92.110 mandates that prior to filing an action against the state a person must exhaust the states tort claim process. Plaintiff has no federal right to file a state tort action and he has no constitutional right to have his tort claim handled in any particular manner. His claim of double jeopardy fails as a matter of law. Double jeopardy is a criminal law concept that has no application in a civil matter such as this. The concept precludes trying a person twice for a crime if they have once been acquitted. This action fails to state a claim.

### CONCLUSION

The Court should dismiss this action for failure to state a claim. Dismissal on this ground would count as a strike pursuant to 28 U.S.C. § 1915 (g). A proposed order accompanies this Report and Recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **March 24th, 2006** as noted in the caption.

DATED this 22nd day of February, 2006.

                                                                           Karen L. Strombom
                                                                           United States Magistrate Judge

REPORT AND RECOMMENDATION
Page - 3